Our fourth case of the morning is Zachary Johnson versus Bessie Dominguez and others. Appeal number 19-17-27. Mr. Bradley, good morning to you. We'll begin with you. Good morning, your honors. May it please the court. This court should reverse the entry of summary judgment in favor of defendants because the district court improperly disregarded Mr. Johnson's evidence of his own subjective pain levels and instead inserted its own judgment on that issue. To put it another way, the district court thought it understood Mr. Johnson's pain better than he did. In doing so, the district court made credibility determinations and weighed the evidence in deciding whether the defendants were deliberately indifferent to his serious medical condition. Resolving that issue, of course, presents a question of fact. This necessitates reversal and remand for a trial. To succeed on his claim, Mr. Johnson must establish two elements. First, that he suffers from a serious medical condition, and second, that defendants were deliberately indifferent to that serious condition. The district court correctly agreed that Mr. Johnson presented sufficient evidence to create an issue of fact whether his hernia and the chronic pain from that hernia constitute a serious medical condition. This decision should not be disturbed on appeal. Turning to the second element, which is really an issue here, the district court disagreed that there was an issue of fact regarding defendants' deliberate indifference. In doing so, the district court used the framework outlined in Johnson v. Dowdy, which I'll refer to as Dowdy to avoid confusion with this case. The Dowdy framework is applicable here for two reasons. First, and critically, Dowdy involved a bench trial. Here, the district court denied Mr. Johnson the trial that the plaintiff and Dowdy received. Second, the three types of hernia situations that Dowdy court described came from testimony at that bench trial. There's no such testimony in the record here. Instead, the evidence from the surgery. This court has acknowledged the same in Gonzalez, which itself cites three cases from the Seventh Circuit. The defendants have also acknowledged that surgery is the only treatment for a hernia by stating that hernias do not heal themselves. So the district court's reliance on the Dowdy factors constitutes reversible error because the evidence in Dowdy is not in the record here. The problem you have, or the challenge perhaps, that you have with Dr. Toyama's testimony is that based upon his review of the record, he concluded there wasn't even any negligence. Right? That the care that was provided to Mr. Johnson didn't fall below the standard of care for treating someone with an umbilical hernia. So it's the rare case, is it not, that you'd have a triable issue for a jury to resolve on deliberate indifference where you don't even have negligence? Respectfully, Your Honor, we read Dr. Toyama's testimony differently. Dr. Toyama stated that the only true cure for hernia is surgical repair. Moreover, the record here is replete with factual issues regarding Mr. Johnson's pain. And it's true that delaying surgery that's just going to unnecessarily continue, prolong, or exacerbate pain can be deliberate indifference. And here there's enough issues of fact to put this before the jury. I'll give you two examples. First of all, Mr. Johnson presented an affidavit that he complained about his pain at least 25 times. The district court simply disregarded this evidence. That was improper. Instead, it credited the defendant's medical records. But even in doing so, the medical records established that Mr. Johnson's pain was increasing and not managed by the medication prescribed. The first entry in the district court's opinion on appendix page 17, there's a chart in the opinion, is a record from February 2011 in which Mr. Johnson reported that, quote, his hernia had become more painful. As that chart progresses on appendix pages 17 and 18, Mr. Johnson reports increasing levels of pain. For example, March 2010, his pain is a level 6 and his ibuprofen is ineffective. The following month, defendants prescribed him a lower dose of pain medication, even though Mr. Johnson complained of increasing pain. Four months later, his pain is now to a 7 or 8, and the maximum dose of Motrin is effective only sometimes. The following month, he questions why his pain gets worse. This evidence, when viewed in light of the most favorable to Mr. Johnson, creates a genuine issue of material fact, whether the defendant's delay in providing surgery prolonged his pain and thus constituted deliberate indifference. There's also a question of fact here whether defendants provided blatantly inappropriate care, which may also answer your question, Judge Scudder. The district court discredited the court-appointed expert, Dr. Toyama's testimony that surgery is the only way to treat a hernia. Again, this was an improper weighing of the evidence. Dr. Toyama testified that surgery is necessary to treat Mr. Johnson's hernia. Although the defendants disagreed, this is an issue for the jury to resolve. The district court reached its conclusion because it believed there's a difference between medical certainty. It seems the district court backed into this conclusion after it determined Mr. Johnson's hernia was a type 3. The only type that does not require surgery under the Dowdy factors. But again, the evidence here is Dr. Toyama's expert testimony, which stated the standard of care for a hernia is surgery. The defendants merely tried to maintain his pain by giving him an abdominal binder, which Dr. Toyama said is rarely prescribed, and through pain medication. I mean, aren't you basically saying that, look, you're going to, we're going to have a triable issue of fact on deliberate indifference anytime we have an inmate with an umbilical hernia, and it's established that the medical staff is aware of that because surgery is the only treatment. I mean, that would be true for, I don't know, somebody born with a cleft palate or something. Respectfully, Your Honor, this case is slightly different because there's evidence in the record that Mr. Johnson's pain was increasing. Dr. Toyama testified that hernias can get worse, and there's a Seventh Circuit case all that says the same thing. In fact, doctors in the Seventh Circuit, based on their training, are understood to know that hernias can get worse. They can get incarcerated, they can get strangulated, and here we have evidence that his pain was getting worse, and the pain medication that was being prescribed was not sufficient to manage his pain. And that is why Mr. Johnson, at the very least, should be referred for a surgical consultation to determine whether surgery would be appropriate or not. And I think that's what distinguishes this case, Your Honor, from every case where there is an umbilical hernia. I'd like to address Mr. Johnson's diabetes, which is a non-issue. Dr. Toyama testified that it was not an issue that would prevent surgery, and in any event, whether his diabetes impacts his candidacy for surgery is a question for the surgeon, not the defendant's general practitioners. By not referring Mr. Johnson for a surgery consultation, defendants left him in a catch-22. They instructed him to exercise regularly to help his diabetes, but also told him to limit his physical activity so as not to exacerbate his hernia. The defendants used Mr. Johnson's diabetes as the reason his hernia could not be treated, but failing to treat his hernia would only make his diabetes worse because he could not exercise due to the hernia. This constitutes cruel and unusual punishment. Mr. Johnson requests that this court reverse the entry of summary judgment and remand this case for trial. Very well. Mr. Bradley, you reserved a couple minutes for rebuttal. Ms. Stewart, we'll turn to you. Good morning. Morning. Thank you. Good morning, counsel, and may it please the court. My name is Lindsay Stewart, and I represent the defendant at Paliz, Dr. Arthur Funk, Dr. Bessie Dominguez, physician assistant Ava Valdez, and nurse practitioner Susan Twell, who ask that this court affirm summary judgment in their favor as the record before this court does not support plaintiff's claim that these defendants were deliberately indifferent to his umbilical hernia. In order to establish deliberate indifference to a serious medical need, Johnson needed to put forth evidence that each of these defendants actually knew that he needed treatment to avoid a serious risk of harm, but purposefully and deliberately withheld such treatment. Plaintiff has not made this showing. It is undisputed in this case that Johnson's hernia was never acutely strangulated. It was never incarcerated. It was never infected. There was never any indication for an urgent or emergent surgery to repair his hernia. Plaintiff argues that the inability to cure a hernia absent surgical intervention renders anything short of definitive surgical treatment deliberate indifference. This position is unsupported by the case law of this circuit and the medical records and deposition testimony in this case. The record before this court establishes that Johnson had a small, stable, two to three This umbilical hernia would have been present for Johnson's entire life. Dr. Toyama testified that the risks associated with the presence of the hernia do not increase over time. The risks stay the same. Instead, he explained Johnson's hernia could be repaired on an elective basis with the expectation that the outcome of the surgery would be unchanged regardless of when it is performed. Critically, Dr. Toyama did not testify Johnson needed to undergo surgery to avoid a serious risk of harm. He did not testify that Johnson's hernia needed to be repaired within any specific time frame. Outside of the correctional context, Dr. Toyama testified he leaves it up to his patient to decide whether and when to schedule their elective operation and he confirmed that Johnson's operation in this case would be considered elective. Ms. Stewart, what about Mr. Bradley's argument that, separate and apart from all that, you have a situation of pain and distress that's worsening over time and that trend line is what mitigates against the risk of any broad categorical rule. His particular client was experiencing intensified and enhanced pain as time moved on. The record on appeal contains 345 pages of medical records and Johnson was evaluated by medical providers in this case more than 100 times. Johnson's affidavit states not that he complained of pain to medical providers 25 times but that his medical records, he specifically states that from my medical records, I know I complained about my hernia at least 25 times. When you carefully review the 345 pages of medical records in this case, you only identify 13 complaints of pain. Sometimes that pain is worse, is described as worsening, and sometimes it's described as mere tenderness. In fact, when you look at the records in this case, you see that any complaints from Johnson about his hernia. He saw Physician Assistant Valdez on October 24, 2012. He didn't report any pain on that day. His hernia was reducible and it was non-tender. 11 months go by before he returns to talk about his hernia again. Moreover, in September 2014, I think the last time he complains about pain to any of these providers, he admits that he's been bench pressing between 185 and 200 pounds. The records in this case establish that when an inmate or any person with a hernia is lifting that amount of weight, you're putting pressure in the abdominal cavity that can exacerbate pain. Johnson was repeatedly instructed not to lift that much weight. It's true that he was encouraged to exercise, but he was instructed not to lift any more than 10 to 20 pounds, yet he continued to do so. So, while Mr. Johnson did make intermittent and sporadic complaints of pain, his behavior was inconsistent with excruciating, exacerbating pain that was inhibiting his physical activity. I think the intermittent... Ms. Stewart, didn't, in 2016, Mr. Johnson complain of severe pain? I didn't... His deposition in 2016, he rated his pain as seven or eight, just walking around, and it's sometimes as high as 12 to 15. I'm not sure, my understanding of pain, it's usually rated one to 10, but putting that aside, the fact that he may be exercising in a manner inconsistent with his condition, how does that speak to whether or not he ought to have had the surgery? I think Dr. Funk, the medical director at Dixon at the time, when he testified, he explained that when assessing an inmate's pain complaints, they look at a variety of factors. They look at how often is the inmate requesting pain med refills, how often is the inmate complaining of pain to medical providers, and what's the level of activity. If an inmate is capable of bench generally, the medical testimony in this case is that would be inconsistent with a patient who's experiencing severe pain from a hernia at rest. Those two things are simply inconsistent with each other. The medical records do show that the last time Johnson mentioned a hernia in January 27th of 2016, he told the nurse that his ibuprofen was effective at managing his pain, that his hernia was stable and unchanged, and there were no complaints of pain associated with his hernia after that time. Based on this record, the court-appointed expert testified that he had no criticisms of the management decisions of these providers. That testimony would be insufficient to support a claim of negligence, much less a claim of deliberate indifference. In order to show deliberate indifference, a plaintiff must show more than erroneous judgment. He must show that the medical professional's objective response was so inadequate that it demonstrated an absence of professional judgment such that no minimally competent professional would have so responded under those circumstances. Here, the testimony from a general surgeon who has performed thousands of hernia repair surgeries is that he had no criticisms of the management decisions of these providers. As the expert testimony would be insufficient to support even negligence against these defendants, it is therefore wholly inadequate to support a violation of the Eighth Amendment. There is simply no evidence to support a claim of deliberate indifference on these facts, and we would ask that this court affirm summary judgment in favor of the defendants. Thank you. Thank you, Ms. Stewart. Mr. Bradley, we'll return to you. You got a couple minutes. Thank you, Your Honor. Two quick points here. First, defendants make issue with the this was an elective surgery. That's a non-issue here. Elective surgery is simply just a way to describe a surgery that is not an emergency surgery. In this case, if his hernia had been strangulated, that would cause, which is not not in the evidence, but if it happened, that would immediate emergency surgery. An elective surgery is a necessary surgery that is just scheduled at Mr. Johnson's time frame. So the electiveness of the surgery is not dispositive here. Secondly, the exercising question that Judge Flom raised is exactly the point here. This is the factual issue that the court determined on its own that should be left for the jury. The subjective knowledge of the doctors is a subjective question, which means it's an issue of fact that the jury must determine. The argument that was made is that the doctors, the defendants, subjectively determined that Mr. Johnson's activity level was not consistent with the pain he was telling them he was experiencing. But that's subjective knowledge of the defendants. That's question of fact. The jury must determine that. The district court's determination of this subjective fact is what constitutes reversible error. Therefore, Mr. Johnson requests this court remand this case for a jury trial on these issues. Very well. Thanks to both parties, Mr. Bradley. Thanks for your comments and your briefing. And we'll move now to our